UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FUJIFILM SONOSITE, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> THE IMAGING SPECIALISTS GROUP, LLC and JAMES WINZEY, <br><br>    Defendants. | NO. C13-983 RSM <br><br> ORDER GRANTING IN PART MOTION TO WITHDRAW |

This matter comes before the Court on Motion to Withdraw from Representation by counsel for Defendants, Stephen A. Teller. Dkt. # 36. As counsel, by his own admission, initially failed to comply with the requirements of Local Rule 83.2(b), the Court ordered counsel to provide a declaration regarding grounds for withdrawal for *in camera* review. *See* Dkt. # 41. Having considered the parties' briefs and the multiple declarations by counsel for Defendants, the Court now grants counsel's Motion to Withdraw in part.

**<u>Analysis</u>**

Pursuant to Local Rule 83.2, no attorney shall withdraw except by leave of court. LCR 83.2(b)(1). Withdrawal will ordinarily be permitted until sixty days before the discovery cutoff in a civil case. *Id.* If withdrawal leaves a party unrepresented, the motion must include the party's address and telephone number. *Id.* Furthermore, where the attorney for a business entity is seeking to withdraw, the attorney must certify to the court that he has advised the business entity that it is required by law to be represented by counsel and that failure to obtain

ORDER ON MOTION TO WITHDRAW - 1

a replacement attorney may result in entry of default. LCR 83.2(b)(3). The decision to grant or deny counsel's motion to withdraw is ultimately committed to the discretion of the trial court. *See Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982); *Huckabee v. Medical Staff at CSATF, et al.*, 2013 WL 3892950, at *2 (E.D. Cal. 2013).

In light of the reasons provided to the Court upon *in camera* review, the Court finds that good cause exists to allow Mr. Teller to withdraw from representation of Defendants in this action despite his filing of his motion within 60 days of the March 17, 2014 discovery cut-off date. Mr. Teller has substantiated that he has been discharged from service and is no longer able to serve as counsel, pursuant to RPC 1.16. Though Mr. Teller has not complied with the requirement to provide the address and telephone numbers of the parties he represents, the Court directs the parties to the certified information provided by former lead counsel for Defendants. Dkt. # 30, p. 3. The Court finds that Mr. Teller has complied with the requirement to notify the business entity he represents that it must obtain substitute counsel by the date his withdrawal becomes effective. As to Mr. Teller's suggestion that individual Defendant James Winzey could represent the corporate Defendant "[i]n the meantime" (*see* Dkt. #36 at p. 3), the Court cautions that a business entity must be represented by a licensed attorney. *In re American West Airline*, 40 F.3cd 1058, 1059 (9th Cir. 1994)(holding that a partner may not represent his or her own interest in a partnership *pro se*). Any prejudice to Plaintiff is accordingly offset by the potential entry of default against Defendant, The Imaging Specialists Group, LLC, should it fail to timely procure substitute counsel.

Mr. Teller also included in his Motion to Withdraw a request to continue the discovery deadline as well as the response deadline and noting date for Plaintiff's pending motion for partial summary judgment (Dkt. # 21). Federal Rule of Civil Procedure 16(b)(4) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the district judge. To establish "good cause," parties seeking modification must generally show that they cannot meet the established deadlines despite the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Mere failure to complete

ORDER ON MOTION TO WITHDRAW - 2

discovery by the Court-ordered deadline does not constitute good cause for continuance. LCR 16(b)(4).

The Court is not persuaded that good cause exists for a continuance. Mr. Teller relies on his withdrawal as the sole grounds for extending deadlines. This fact alone does not demonstrate that Defendants exercised the required due diligence and were nonetheless unable to comply with deadlines. Indeed, the Court has already twice re-noted Plaintiff's motion for partial summary judgment and stayed all case deadlines in order to allow Defendants to secure new counsel after the withdrawal of their former lead counsel, Mr. Montalvo. *See* Dkt. ## 23, 33. Defendants' inability or refusal to secure new counsel during the previous stay further undermines a showing of good cause for renewing it. Accordingly, counsel's request for a continuance is denied without prejudice.

## Conclusion

For the reasons set forth herein, the Court hereby ORDERS that the Motion to Withdraw as Attorney for Defendants (Dkt. # 36) is GRANTED in part and DENIED in part. The Court GRANTS leave for Mr. Teller to withdraw as counsel for Defendants. The Court DENIES without prejudice Mr. Teller's request to continue case deadlines.

Dated this 10th day of April 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER ON MOTION TO WITHDRAW - 4